UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW CATANZARO,

        Petitioner,         Case No. 1:11-cv-867

v.        Honorable Robert J. Jonker

SHIRLEE HARRY,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a former state prisoner pursuant to 28 U.S.C. § 2254. The proccedings to date in this action were summarized by the Sixth Circuit as follows:

> In 2006, Catanzaro pleaded guilty to second-degree criminal sexual conduct, and the trial court imposed a term of imprisonment of three to twenty-two and one-half years. The Michigan courts affirmed his convictions and sentence. Catanzaro filed a habeas petition in April 2008, which the district court denied. Catanzaro did not appeal.
>
> In April 2009, a parole hearing was held wherein the Michigan Parole Board denied Catanzaro parole. In February 2010, he filed a habeas petition challenging the Board's decision. While the petition was pending, however, Catanzaro was released on parole. The district court dismissed the petition, finding that Catanzaro's release rendered it moot. We denied a certificate of appealability ("COA"). *Catanzaro v. Quigley*, No. 11-2406 (6th Cir. Apr. 25, 2012) (unpublished order).
>
> Catanzaro was returned to prison on January 10, 2011, for engaging in assaultive behavior while on parole in a Residential Sex Offender Program ("RSOP"). On August 17, 2011, he filed the instant petition, classified as a "hybrid" action, which referred to a civil rights complaint filed the same day, titled "Complaint Pursuant to Civil Rights Act of 42 U.S.C. § 1983 and 28 U.S.C. § 2254 Habeas Corpus/Hybrid." Catanzaro alleged that his rights to due process and equal

protection were violated by the Board's decision to parole him to the RSOP, rather than to his home or the community, and by the decision to revoke his parole. He also asserted that both his placement in the RSOP and the revocation of his parole were done in retaliation for filing other legal actions. Finally, he alleged that the conditions of his confinement in the RSOP were unconstitutional. The court dismissed Catanzaro's petition without service on the respondent, pursuant to Rule 4, for failure to raise a meritorious federal claim. The court also denied a COA.

We granted a COA in part and certified the following claims: 1) whether the revocation of Catanzaro's parole was motivated by retaliation; and 2) whether Catanzaro was denied equal protection in connection with the revocation of his parole. Catanzaro now alleges that the district court erred by finding that his retaliation and equal protection claims were legally insufficient.

*Catanzaro v. Harry*, No. 12-1119 (6th Cir. April 2, 2013) (Order, ECF No. 28, PageID.165-66.) The Sixth Circuit concluded this Court had erred in dismissing as legally insufficient Catanzaro's allegations of retaliation and equal protection violations in connection with the revocation of his parole and remanded for further proceedings with respect to those two claims. (*Id*. at PageID.167.)

Respondent has filed an answer to the petition (ECF No. 34) and submitted the relevant parole board records as required under Rule 5, RULES GOVERNING §2254 CASES. Petitioner has not filed a reply to the response. Petitioner's silence might be explained by the fact that, according to the Michigan Department of Corrections (MDOC), he was discharged without conditions on September 11, 2014. *See* MDOC Offender Tracking and Information Service, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=313263. Because Petitioner has been discharged, his petition no longer presents a case or controversy under Article III, § 2, of the Constitution. Accordingly, the petition will be dismissed as moot.

## Discussion

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court considered whether a prisoner's release mooted the prisoner's habeas petition challenging his incarceration by reason of parole revocation. Because prisoner Spencer, as well as Petitioner here, was incarcerated at the time the petition was filed, he satisfied the "in custody" requirement of 28 U.S.C. § 2254. *Id.* at 7. The *Spencer* Court recognized, however, that the "case or controversy" requirement of Article III, § 2, of the Constitution, requires more:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990). *See also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*Spencer*, 523 U.S. at 7 (parallel citations omitted). The injury is apparent so long as the convict is incarcerated or even on parole. *Id.* Even after the sentence has expired and the convict is released, the Court has not hesitated to presume continuing collateral consequences of the conviction, even where such consequences might be remote or unlikely to occur. *Id.* at 7-8.

Does that same presumption apply where the convict has been released and the habeas petition challenges only parole revocation? The *Spencer* Court said no: "We . . . decline to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation." *Id.* at 14. Moreover, the Court rejected as inadequate or too speculative all of the possible injuries-in-fact offered by Spencer.[1] The Court was unable to identify

---

[1] Spencer suggested that if his parole revocation were permitted to stand it might be used to his detriment in later parole proceedings or used to increase his sentence in future criminal proceedings. *Spencer*, 523 U.S. at 14-15. Spencer further argued that the parole revocation might be used to impeach him or be used against him directly in subsequent

any "collateral consequence" that might permit a convict challenging parole revocation to satisfy the injury-in-fact requirement once he had been released. The Court concluded that it was "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id.* at 18. It affirmed the Eighth Circuit's determination that Spencer's release mooted his petition challenging the constitutionality of parole revocation proceedings. *Id.*

Courts in this circuit applying *Spencer* have routinely concluded that petitions challenging parole revocation proceedings are moot once the petitioner has been released. *See, i.e., Prowell v. Hemingway*, 37 F. App'x 768 (6th Cir. 2002); *Pokladek v. Burton*, No. 2:14-cv-13602 (E.D. Mich. Feb. 2, 2016); *Bettison v. Bell*, No. 10-12358 (E.D. Mich. Oct. 4, 2012); *Henry v. Romanowski*, No. 10-10920 (E.D. Mich. July 25, 2012); *Rehkopf v. Berghuis*, No. 1:09-cv-116 (W.D. Mich. Oct. 27, 2011) adopted (W.D. Mich. Nov. 17, 2011); *Thomas v. United States*, No. 1:06-cv-25 (W.D. Mich. Oct. 12, 2007); *Smith v. Lazaroff*, No. 2:04-cv-606 (S.D. Ohio Mar. 14, 2006); *Shafer v. United States*, No. 1:04-cv-86 (E.D. Tenn. April 25, 2005). Although one can conceive of injuries that might accrue to a prisoner subjected to an unconstitutional parole revocation proceeding, Petitioner has failed to demonstrate any injury that would be remediable by way of habeas corpus action now that he has been released.

Because there is no longer any injury likely to be redressed by a favorable judicial decision, there is no case or controversy here. *Spencer*, 523 U.S. at 7. Accordingly, the petition is moot and this Court is deprived of jurisdiction. *See Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir.

---

proceedings. *Id.* at 15-16. Alternatively Spencer claimed that the effect of a habeas dismissal on a § 1983 action precluded a determination of mootness. *Id.* at 17.

2009) ("Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question.").

## Conclusion

In light of the foregoing, the Court will dismiss Petitioner's application as moot because he has been released.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's denial of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


DATED:  July 28, 2016           /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                CHIEF UNITED STATES DISTRICT JUDGE